UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Barrington Henderson,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Wal-Mart Stores, Inc.,<br><br>　　　　　Defendant. | Case No.: 2:15-cv-01453-JAD-GWF<br><br>**Order Remanding Case Back to State Court**<br>**[ECF 8]** |

　　　　Defendant Wal-Mart Stores, Inc. removed this slip-and-fall action to federal court on July 29, 2015,[1] and Plaintiff Barrington Henderson moves to remand this case back to state court.[2] Neither Wal-Mart's petition for removal nor its opposition to Henderson's motion to remand provides sufficient facts to support federal-court jurisdiction in this case. I therefore grant plaintiff's motion to remand and send this case back to Nevada's Eight Judicial District Court.

### Discussion

　　　　Federal courts are courts of limited jurisdiction.[3] "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[4] "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[5] Courts "strictly construe the removal statute against removal jurisdiction."[6] "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that

---

[1] ECF 1.

[2] ECF 8.

[3] *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

[4] *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

[5] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

[6] *Id.*

removal is proper."[7]  Remand is proper if the court lacks subject-matter jurisdiction.[8]

When "a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000].  Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."[9]  Broad allegations that the jurisdictional amount is met, "although attempting to recite some 'magical incantation,' neither overcome[ ] the 'strong presumption' against removal jurisdiction, nor satisf[y] [the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" $75,000.[10]  Conclusory allegations do not overcome the presumption against removal jurisdiction or satisfy the defendant's burden of proving the case.[11]

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint."[12]  When conducting this analysis, district courts can make "reasonable deduction, reasonable inferences, or other reasonable extrapolations from the pleadings

---

[7] *Id.*

[8] 28 U.S.C. 1447(c); *see also Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure.").

[9] *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (the removing party bears the burden of establishing that the jurisdictional amount is satisfied at the time of removal based on competent facts outside the face of the pleadings).

[10] *Gaus*, 980 F.2d at 567; *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the ad damnum is silent." (internal quotations and citation omitted)).

[11] *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted).

[12] *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ, 2013 WL 757621 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)).

to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."[13]  This approach is consistent with the holding in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), in which the High Court recognized that "[d]etermining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense."[14]

Wal-Mart has failed to meet its burden of establishing this court's jurisdiction by a preponderance of the evidence.  Wal-Mart claims in its petition for removal that Henderson alleges over $100,000 in damages,[15] but the complaint only alleges damages "in excess" of $50,000.[16]  Wal-Mart argues that the allegations of "permanent and disabling injuries" in the complaint "foster a good faith belief that reasonable juries will likely award substantial damages in excess of $75,000. . . ."[17]  But Wal-Mart does not provide evidence to support the argument that the amount in controversy is greater than the $75,000 threshold required for this court to have jurisdiction.  It does not, for example, include any medical bills showing that the damages are over $75,000 or a demand letter indicating Henderson is seeking at least that amount.  And just as in Wal-Mart's petition for removal, the statements in the opposition to Henderson's motion to remand are conclusory allegations that do not overcome the presumption against federal jurisdiction.  Therefore, Wal-Mart has failed to meet its burden to establish this court's jurisdiction.

## Conclusion

ACCORDINGLY, IT IS THEREFORE ORDERED that plaintiff's motion to remand **[ECF 8]** is **GRANTED**.  This case is remanded back to the Eighth Judicial District Court, Clark County, Nevada, case #A-15-720187-C for all further proceedings.  The Clerk of the Court is instructed to

---

[13] *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

[14] 556 U.S. at n.5.

[15] Doc. 1 at 3.

[16] Doc. 1-2 at 4.

[17] Doc. 11 at 7.

1 | close this case.

2 | DATED this 9th day of November, 2015

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE