UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Barrington Henderson,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Wal-Mart Stores, Inc.,<br><br>　　　　　Defendant. | Case No.: 2:15-cv-01453-JAD-GWF<br><br>**Order Striking Motion to Reconsider<br>or Recall Remand Order**<br><br>[ECF 17] |

　　　On November 9, 215, I found that defendant Wal-Mart Stores, Inc. had failed to meet its burden of establishing that this court has jurisdiction over the subject matter of this case, and I ordered that this case be remanded back to the Eighth Judicial District Court, Clark County, Nevada.[1]  Wal-Mart now asks me to reconsider or recall that remand order, arguing that I have authority to do so under either FRCP 60(b)(3) or 60(b)(4).[2]  Wal-Mart is mistaken.  Remand orders based on a lack of subject-matter jurisdiction are not reviewable on appeal or otherwise.  Wal-Mart's motion for reconsideration is thus procedurally improper and will be struck from the record in this case.

**Discussion**

　　　Section 1447(c) of title 28 of the United States Code contemplates remand based on a lack of subject-matter jurisdiction or a defect in the removal procedure.[3]  When a federal court relies on a ground enumerated in 28 U.S.C. § 1447(c) to remand an action back to the state court whence it was removed, 28 U.S.C. § 1447(d) plainly provides that the remand order is "not reviewable on appeal or

---

[1] ECF 16.

[2] ECF 17.

[3] *See Augon-Schulte v. Guam Election Commn.*, 469 F.3d 1236, 1240 (9th Cir. 2006).

Page 1 of  3

otherwise."[4]  The state court can, in fact, proceed with the case once the remand order is entered and a certified copy of that order is mailed to the state court by the clerk of this court.[5]

I remanded this case back to state court because I found that subject-matter jurisdiction was lacking—Wal-Mart had not met its burden to establish that the amount in controversy exceeds $75,000.[6]  Jurisdiction over this action revested in the state court when, on November 9, 2015, the remand order was entered on the docket in this case and the clerk of this court mailed a copy of that order to the state court.  I simply do not have the authority to reconsider or recall that remand order.[7]  Wal-Mart's motion for reconsideration is thus procedurally defective and I direct that it be struck from the record in this case.[8]

In remanding this case, I essentially concluded that this case was not removable at the time that Wal-Mart filed its petition for removal.  When an initial pleading is not immediately removable but the defendant later receives a document that puts it on notice "that the case is one which is or has become removable," the proper procedure is to file "a notice of removal . . . within 30 days after receipt" of the document establishing that the case is or has become removable.[9]  If Wal-Mart believes it received a document establishing that the state-court case is or has become removable, it must follow the procedure outlined in 28 U.S.C. § 1446(b)(3) and be mindful that *this* case has been

---

[4] *Atlantic Nat. Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 934 (9th Cir. 2010) (quoting 28 U.S.C. § 1447(d)).

[5] 28 U.S.C. § 1447(c).

[6] ECF 16 at 3:7–18.

[7] *See* 28 U.S.C. § 1447(d).

[8] A federal district court has the power to strike a fugitive document that does not constitute a pleading under its "inherent authority to manage its docket and maintain proper decorum. . . ." *C.f. Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (collecting cases discussing district court's inherent "power of the administration of its business[,]" "inherent authority to regulate conduct of attorneys who appear before it, to promulgate and enforce rules for the management of litigation, to punish contempt, and to remand cases involving pendent claims").

[9] *See* 28 U.S.C. § 1446(b)(3).

closed.

## Conclusion

ACCORDINGLY, IT IS HEREBY ORDERED that Wal-Mart's motion to reconsider or recall the order remanding case to state court **[ECF 17] will be STRUCK from the record in this case.  The Clerk of the Court is instructed to strike ECF 17 from the docket.**

DATED this 12th day of November, 2015

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE